UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNIERL COOPER,

        Plaintiff,                              Case No. 16-11567

v.                                                 Paul D. Borman
                                                   United States District Judge

COMMISSIONER OF SOCIAL
SECURITY,                                    David R. Grand
                                                   United States Magistrate Judge

        Defendant.
_____/

## OPINION AND ORDER:
## (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 14);
## (2) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (ECF NO. 13);
## (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 10);
## (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12); AND
## (5) AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

On March 27, 2017, Magistrate Judge David R. Grand issued a Report and Recommendation on the parties' cross-motions for summary judgment. (ECF No. 13, Report and Recommendation.) In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff Annierl Cooper's Motion for Summary Judgment (ECF No. 10), grant Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 12), and affirm the decision of the Commissioner of Social Security to deny Plaintiff's claim for

Supplemental Security Income (ECF Nos. 7-2-7-9, Transcript of Social Security Proceedings (hereinafter "**Tr. at \_\_\_**") at 15-25.).

Now before the Court are Plaintiff's Objections to the Report and Recommendation. (ECF No. 14, Pl.'s Objs.) Defendant filed a timely Response. (ECF No. 15, Def.'s Resp.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will overrule Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The Magistrate Judge adequately set forth the procedural and factual background of this matter in his Report and Recommendation. The Court adopts that summary here. (Report and Recommendation at 2-6, Pg ID 1396-1400.)

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only

those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Likewise, an objection that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the Administrative Law Judge ("**ALJ**"), the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516,

3

522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the Social Security Administration ("**SSA**") that is supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. It is "for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since

the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

## III. ANALYSIS

In determining that Plaintiff was not disabled under the Social Security Act (the "**Act**"), the ALJ employed the five-step analysis provided for in 20 C.F.R. § 404.1520. The Magistrate Judge summarized that analysis as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.
>
> (Report and Recommendation at 2-3, Pg ID 1396-97 (quoting *Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011).)

At Step One of that standard, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 7, 2011, the date of Plaintiff's initial application. At Step Two, the ALJ found that Plaintiff had the severe impairments of status post lung cancer with right upper lobectomy, chronic obstructive pulmonary disease, and lumbar degenerative disc disease. Then at Step Three, the ALJ determined that Plaintiff's severe impairments did not meet or equal one of the impairments listed in the regulations. (Report and Recommendation at 5, Pg ID 1399.)

The Magistrate Judge explained that after assessing Plaintiff's residual functional capacity, the ALJ concluded that Plaintiff

> is capable of performing sedentary work, with the following additional limitations: frequent pushing and pulling; can sit for six and stand and/or walk for two of eight hours in a workday, with the ability to alternate between sitting and standing up to two times per hour, and should never have to sit, stand, or walk for more than one hour at a time; no climbing of ropes, scaffolds, or ladders; only occasionally performing all other postural activities; no exposure to hazards such as heights or heavy machinery; and no concentrated exposure to respiratory irritants.

(*Id.*) Finally, the ALJ found at Step Four of the analysis that Plaintiff was capable of performing her past relevant work as a clerk-typist, and concluded on that basis that Plaintiff was not disabled under the Act. (*Id.* at 5-6, Pg ID 1399-1400.)

The Magistrate Judge recommended in the Report and Recommendation that this Court upheld that determination, and Plaintiff now raises two objections. First, Plaintiff objects to the Magistrate Judge's reliance on this Court's decision in *Winter v. Comm'r of Soc. Sec.*, No. 12-11962, 2013 WL 4604782 (E.D. Mich. Aug. 29, 2013) (Borman, J.), in concluding that the ALJ did not err by failing to afford controlling weight to certain treating physician documents in the record. Second, Plaintiff objects more generally that the Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence. For the reasons stated below, the Court will overrule both of Plaintiff's objections.

**A. Objection 1: The Magistrate Judge erred in determining that the treating physician documents cited by Plaintiff do not constitute opinions to be afforded controlling weight under the treating physician rule.**

In the Report and Recommendation, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to observe the "treating physician rule" set forth in 20 C.F.R. § 416.927(c)(2). (Report and Recommendation at 8-11, Pg ID 1402-05.) In Plaintiff's first objection, she focuses on two treating physician reports she had cited in that argument, and argues that the Magistrate Judge erred in his determination that the portions of those reports identified by Plaintiff in her Motion for Summary Judgment did not constitute "medical opinions" under the applicable

7

regulations. This Court disagrees.

20 C.F.R. § 416.927(c)(2) provides that where "a treating source's medical opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record, [it will be given] controlling weight." "Medical opinions" are defined in the same regulation as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1).

In the Report and Recommendation, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to abide by the treating physician rule, having interpreted Plaintiff's argument as identifying three specific sources of evidence that were not given "controlling weight" by the ALJ. (Report and Recommendation at 8-11, Pg ID 1402-05.) One of the three—a November 2011 MRI report (*id.* at 9-11, Pg ID 1403-05)—is not mentioned in Plaintiff's Objections to the Report and Recommendation, and is therefore outside the scope of this Court's review here. The other two are treatment reports by two different

8

treating physicians, and the Magistrate Judge described them as follows:

> Cooper also cites treatment reports from two physicians, Anil Sethi, M.D. and Walid Osta, M.D., arguing that the Court should remand this matter "for a proper evaluation of Drs. Sethi's and Osta's medical documentation."
>
> Cooper first cites a treatment report from Dr. Sethi dated April 24, 2012, claiming that, as of that date, "she continued to complain of low back pain that radiated to both lower extremities." At that visit, Dr. Sethi conducted a physical examination, which revealed tenderness over the lumbar spine, but Cooper had negative straight leg raising tests bilaterally, intact sensation in both lower extremities, and no motor deficit in either lower extremity. Dr. Sethi noted that physical therapy had not been helpful and suggested epidural steroid injections, which Cooper agreed to try.
>
> Cooper next cites an April 30, 2014 treatment report from Dr. Osta, claiming that he "diagnosed her with lumbar radiculitis" and asserting that, as of that date, she "continue[d] to have significant back pain with radiation to her lower extremities." . . . At that visit, Dr. Osta discussed Cooper's symptoms of low back pain and radiculitis, noting that she "reported 80% relief of the low back pain symptoms" after a prior epidural steroid injection. Thus, Dr. Osta proceeded to perform a lumbar epidural steroid injection at L5-S1 and a lumbar epidurogram.

(Report and Recommendation at 8-9, Pg ID 1402-03 (citations omitted).)

The Magistrate Judge concluded that the ALJ was not required to give controlling weight to these medical records, because they did not constitute "medical opinions" under 20 C.F.R. § 416.927(a)(1). In support of this conclusion, the Magistrate Judge cited *Winter v. Comm'r of Soc. Sec.*, No. 12-11962, 2013 WL

4604782 (E.D. Mich. Aug. 29, 2013) (Borman, J.). In *Winter*, this Court adopted the magistrate judge's explanation that a treating physician's treatment notes were not entitled to controlling weight under the treating physician rule because in those notes, the physician "never opined on what he believed [the claimant] could still do in view of her symptoms; in other words, he offered no opinion on his patient's ability to function." *Id.* at *9.

Plaintiff's specific objection here is that *Winter* is distinguishable from the instant case: she argues that there is a "stark contrast" between the treatment notes in *Winter* and the treatment notes in this case because the notes in this case "demonstrate ongoing issues that reflect judgments about medical conditions and physical restrictions." (Pl.'s Objs. at 3, Pg ID 1415.) Defendant counters that just like their counterparts in *Winter*, the treatment notes here "offer no opinion as to what [Plaintiff] could still do in view of her symptoms, or what her physical restrictions might be." (Def.'s Resp. at 6, Pg ID 1427.)

If Defendant is arguing that the absence of these two elements conclusively means that the notes are not medical opinions, Defendant is incorrect. The text of the regulations make that much clear: the defining characteristic of medical opinions is that they "reflect judgments about the nature and severity of [the claimant's] impairment(s), *including [the claimant's] symptoms, diagnosis and*

10

*prognosis*, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1) (emphasis added). That a particular medical record does not have two of these four components does not mean that record is *per se* excluded from the category of medical opinions. This Court recognized that in *Winter*, and acknowledged that the treating physician's "treatment notes appear[ed] in the record and, arguably, his diagnoses constitute 'medical opinions.'" *Winter*, 2013 WL 4604782 at *9. That the treatment notes did not discuss the plaintiff's ability to function was significant not because such a discussion is a necessary element of any medical opinion. The omission was significant because the stages of the ALJ's five-step analysis that the plaintiff claimed did not give sufficient weight to the treatment notes was precisely the portion that was concerned with the plaintiff's ability to function. Thus, the magistrate judge in *Winter* concluded, "at steps three and four of the disability analysis, there was no treating-source opinion for the ALJ to defer [to]." *Id.*

But even if Defendant misapprehends its reasoning to some degree, *Winter* is still very much apposite to this case, and Plaintiff's arguments here suffer the same deficiencies as the plaintiff's argument in *Winter* did.

Like in *Winter*, the portions of the treatment notes at issue here that actually do reflect judgments about the nature or severity of Plaintiff's impairments concern

11

only symptoms, diagnoses, or prognoses, and not residual abilities or physical or mental restrictions.[1] These include the following statements in Dr. Sethi's report:

> PHYSICAL EXAMINATION: MUSCULOSKELETAL: Examination of the lumbar spine reveals tenderness. Straight leg raise test bilaterally is negative. The sensations in both lower extremities are intact. There is no motor deficit in both lower extremities.
>
> X-RAY STUDIES: MRI of the lumbar spine was reviewed. It reveals degenerated disks at multiple levels in the lumbar spine. The disks at L4-L5 and L5-S1 are protruding and causing indentation of the thecal sac.
>
> IMPRESSION: This is a 51-year-old female with low back pain radiating to both lower extremities.

(Tr. at 910-11.)

Dr. Osta's report is mostly a description of the lumbar epidural steroid injection that Dr. Osta administered to Plaintiff, but it also contains statements that

---

[1] The Court notes that many of the statements in the reports by Dr. Sethi and Dr. Osta simply amount to reproductions of Plaintiff's own statements to the treating physicians, and these are certainly not "statements from acceptable medical sources that reflect judgments about the nature and severity of [Plaintiffs] impairment(s)" 20 C.F.R. § 416.927(a)(1).

This category also does not include the statements attached to Dr. Sethi's report that Plaintiff "was "[a]t risk for falls" and that she had "[c]hest pain at rest" (tr. at 912): besides the fact that they do not clearly pertain to Plaintiff's musculoskeletal complaints (which her summary judgment motion focused on exclusively), they also appear to be medical record entries unrelated to the treatment actually described in Dr. Sethi's report, given that they were "[l]ast [u]pdated" over three months before Dr. Sethi's examination of Plaintiff.

are arguably symptom-related or diagnostic medical opinions. In the report, Dr. Osta describes Plaintiff's preoperative and postoperative diagnoses both as being "Lumbar radiculitis" and "History of lung cancer"; characterizes Plaintiff as having "low back pain and radiculitis symptoms"; and states that "[t]here was no evidence of lower extremity motor or sensory deficit after the procedure." (Tr. at 1133-34.)

All in all, anything that could be considered "medical opinions" in these two reports pertains only to symptoms, diagnosis, or prognosis, and does not include opinions on what Plaintiff can do despite her impairments, or physical or mental restrictions. For that reason, these opinions relate to Step Two of the five-step analysis, which concerns the nature of the claimant's impairments. So what the court in *Winter* found is also true here: "at steps three and four of the disability analysis, there was no treating-source opinion for the ALJ to defer [to]." *Winter*, 2013 WL 4604782 at *9.

This still leaves open the possibility that the ALJ did not give proper weight to those medical opinions at Step Two (or at other steps of the analysis), of course. But also like in *Winter*, the absence of any reference to these opinions in those portions of the ALJ's analysis does not "lead[] the Court to question whether the ALJ fully appreciated Plaintiff's impairments" when she made her determination.

13

*Id.* at \*10. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

*Winter* makes for an apt comparison to this case in one more respect. As in *Winter*, "even if the ALJ's picture of Plaintiff was somewhat incomplete, Plaintiff has not persuaded the Court that the ALJ's view of her resulted in prejudice." *Winter*, 2013 WL 4604782 at \*10. This Court's review of the ALJ's determination is highly deferential, and that determination "cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). The Magistrate Judge determined that the ALJ's decision was supported by substantial evidence in several different regards, including the ALJ's reliance on the opinion of a state agency physician (Report and Recommendation at 10, Pg ID 1404), and the ALJ's credibility findings as to Plaintiff's own testimony (Report and Recommendation at 15-17, Pg ID 1409-11). This Court sees no reason to upset those determinations by the Magistrate Judge.

In short, Plaintiff has not shown that the Magistrate Judge's reliance on *Winter* was misplaced. The Court will therefore overrule Plaintiff's first objection.

**B.     Objection 2: The Magistrate Judge erred in determining that the ALJ's decision was supported by substantial evidence.**

In her second objection, Plaintiff claims that the Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence, asserting generally that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony that ultimately . . . resulted in an inadequate determination to address Plaintiff[']s multiple severe medical conditions." (Pl.'s Objs. at 4, Pg ID 1416.) After summarizing her conditions and impairments, Plaintiff concludes that "[i]f the ALJ and Magistrate had not made the above outlined legal errors and/or all of the legal errors outlined in Plaintiffs Motion for Summary Judgment when making their decisions, Plaintiff would have been found to be disabled." (*Id.* at 6, Pg ID 1418.)

This argument is generic, and makes no attempt to explain any specific error in fact-finding or reasoning on the part of the Magistrate Judge or the ALJ. It is therefore not a valid objection. *See Howard*, 932 F.2d at 509 ("We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit

appellants to do the same to the district court reviewing the magistrate's report.");
*see also Hartsfield v. Comm'r of Soc. Sec.*, No. 16-10473, 2017 WL 1160624, at *3 (E.D. Mich. Mar. 29, 2017) ("Simply saying that evidence was 'misconstrued,' without more, is insufficient to mount a proper objection.").

Accordingly, the Court will overrule Plaintiff's second objection.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

- REJECTS Plaintiff's Objections (ECF No. 14);

- ADOPTS the Report and Recommendation of Magistrate Judge David R. Grand (ECF No. 13) as this Court's findings and conclusions of law;

- DENIES Plaintiff's Motion for Summary Judgment (ECF No. 10);

- GRANTS Defendant's Motion for Summary Judgment (ECF No. 12); and

- AFFIRMS the decision of the Commissioner of Social Security.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: August 15, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2017.

                                                          s/D. Tofil
                                                          Deborah Tofil, Case Manager